van Gestel, J.
This matter is before the Court on a July 18,2003, letter request, treated as amotion, from counsel for the defendants regarding a mechanical aspect of a certain Confidentiality Stipulation and Order. The essence of the request arises from the following alleged situation: “Clean Harbors has produced to John Hancock and the other Purchasers thousands of pages of documents that Clean Harbors claims in correspondence are "Confidential," but which Clean Harbors refuses to label or mark the documents as such on their face as required under Paragraph 5 of the Confidentiality Stipulation and Order that the Court entered on March 27, 2003."
This Court does not favor confidentiality orders, but recognizes their need under certain circumstances. See, e.g., Mass.R.Civ.P. Rule 26(c). For the most part, a public court should not be litigating matters screened off from the public by such orders. Further, such orders regularly result in designations of confidentiality that are far too broadly applied. The latter too often results in tangential motion practice that is burdensome on a busy and understaffed Court and inconsistent with the “just, speedy and inexpensive determination” of their case to which the clients involved are entitled. See Mass.R.Civ.P. Rule 1.
In the present circumstance, the parties’ Stipulation claims that “certain information, documents and *458 things of the parties subject to discovery or disclosure in this action . . . may be claimed to constitute or contain confidential or proprietary financial or commercial information.” The purpose of the Stipulation, which the parties asked the Court to enter as an Order — and it did — was “to insure that such confidential or proprietary financial or commercial information is not disseminated beyond the confines of this Litigation.”
In order to effect its desired end the Stipulation contains an array of requirements for identifying as confidential information that is subject to the Order and includes a process for the use of such designated information by the parties, their experts, other third parties and the Court itself. See, e.g., Paragraphs 4, 11, 12 and 13.
Here, the Court is dealing with documentary production. It is Paragraph 5 of the Stipulation that relates to the method for designating documents as confidential. It reads:
5. A party may designate any document as constituting or containing Confidential Information by clearly labeling or otherwise identifying the same “CONFIDENTIAL” prior to, or upon production to any other party.
The Court would have thought experienced lawyers would be able to read those rather simple words without disagreement as to their meaning. Perhaps, however, others too find ambiguity here, Consequently, this Court will state its reading of the words and what it intended when it entered the Order on March 27, 2003.
Since the effect of a designation of confidentiality reaches considerably beyond the lawyers involved, including third parties and the Court, among others', each person who is expected to act with regard to a confidential document in a manner required by the Order, or to enforce aspects of the Order, must have a ready means to know that a particular document is deemed confidential. It is not enough to suggest in some unseen cover letter that all of thousands of documents are confidential. And while there may be considerable burden on the party claiming confidentiality in designating each document that that party insists is confidential, that is a burden assumed by the party making a claim that certain documents should not be made publicly available in a public court.
Further, Paragraph 7 of the Stipulation imposes upon a designating party an important burden in the process of making a confidentiality designation. “Any party who makes such a designation shall comply with the provisions of Paragraph 8 of this Stipulated Order, infra.” Paragraph 8 then requires that the designating party “first shall make a good faith determination that the material in fact contains bona fide Confidential Information, the dissemination of which could result in actual harm or damage to the producing party’s interests, or to the interests of third parties whom the producing party is obligated to protect.” This Court is not comfortable that such an exercise has been undertaken if all that exists is a reference in a cover letter from counsel simply asserting that all of the thousands of document enclosed are confidential.
DECLARATION
In short, each document that is claimed to be confidential must be “clearly labeled or otherwise identified as such.” This requirement is not satisfied by labeling everything, or a great mass of documents, as confidential in a cover letter. Nor would it satisfy the requirements of Paragraph 5 to file a single pleading or designation with the papers in the case which did no more than state that all of a great mass of papers is considered confidential.
Further, counsel are advised that any individual document not clearly labeled or otherwise identified as “CONFIDENTIAL” will not be treated by this Court as being such and will not be accorded any of the protections provided for in this Court’s Order of March 27, 2003.